## Thompson v. Commonwealth

238

*Aaron S. Swartz, Jr.,* and *Victor J. Roberts,* of *High, Dettra & Swartz,* for petitioners.

*Paul P. Wisler,* Special Deputy Attorney General, for Commonwealth.

DANNEHOWER, J., December 1, 1941.—This case comes before the court upon the petition of the joint owners of private property in an eminent domain proceeding on a rule to show cause why the costs, including the prothonotary's fees, jury fee, and plaintiffs' witness bill, should not follow the verdict and be ordered paid by the condemning party, the Commonwealth, under the provisions of the Act of June 21, 1939, P. L. 651.

In response to the rule awarded on said petition, the Commonwealth has filed an answer denying its liability for the payment of costs, and requesting that petitioners be ordered to pay all costs, notwithstanding the verdict.

The admitted facts disclose that on July 8, 1940, the State Highway Department of the Commonwealth of Pennsylvania condemned and appropriated substantial portions of petitioners' property along the Skippack Pike, designated as State Highway Route 197, in Worcester Township, Montgomery County, Pa., for the purpose of relocating, widening and improving the same.

Thereafter, said joint property owners petitioned for the appointment of a jury of view which, according to law, assessed the damages and made an award of $4,500.

Thereafter, the Commonwealth filed an appeal from the award of the jury of view, and, later on, petitioners also filed an appeal, in order to protect their rights. These two appeals were tried at the same time, before the same jury of 12, and resulted in a verdict in petitioners' favor in the sum of $4,250, which verdict is $250 less than the award of the jury of view. Petitioners' bill of costs amounts to $23.19, and the Commonwealth's bill of costs on its appeal has been taxed at $17.50.

Petitioners contend that, by virtue of the authority of the Act of June 21, 1939, P. L. 651, the Commonwealth should be ordered to pay their bill of costs as well as its own, because the costs should follow the verdict, and because the Commonwealth took the first appeal, and petitioners filed their appeal only so that it could not be contended that petitioners were satisfied with $4,500 damages.

The Commonwealth contends that there is no liability upon it for the payment of costs.

It is well settled that, at common law, costs were unknown and were not recoverable by either party to the action. Costs are exclusively a creature of statute. In the absence of a statute imposing liability upon the Commonwealth for the payment of costs, no such liability exists.

Counsel for petitioners cite and invoke the Act of June 21, 1939, P. L. 651, as authority for the imposition of costs upon the Commonwealth, which provides:

"In all matters, proceedings, and hearings before the courts of common pleas relating to the exercise of the right of eminent domain, and in the laying out, opening, viewing, and reviewing of public or private roads, and claims for damages to property by reason of the exercise of the right of eminent domain, it shall be lawful for the court hearing such proceedings to make such orders relative to the payment of the necessary costs incurred as to the court shall appear right and just".

However, the State and its agencies are not to be considered as within the purview of a statute, however general or comprehensive the language of such act may be, unless an intention to include them is clearly manifest, as where they are expressly named therein or included by necessary implication: 59 C. J. §653. Contrary to the weight of authority, the rule in Pennsylvania is that statutes relating to costs should be liberally construed.

One case construing this act has been called to our attention: Addison Borough School District v. Commonwealth, 41 D. & C. 378 (1941), wherein the Commonwealth alone appealed, and was ordered to pay the costs.

However, in the instant case, since both the Commonwealth and the landowners filed their appeal from the award of the jury of view, and considering the verdict and all the circumstances, we deem it right and just that each side to the proceeding should pay its own costs of its appeal.

And now, December 1, 1941, for the foregoing reasons, the rule to show cause why the Commonwealth should not pay petitioners' costs is hereby discharged, and it is ordered that each party shall pay the record costs of its own appeal and its own witness bill.